UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERTA B.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:18-cv-01251-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Roberta B. has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons below, the undersigned affirms defendant's decision to deny benefits.

                I.     <u>ISSUE FOR REVEW</u>

Did the ALJ give adequate reasons to discount the opinion of reviewing psychologist John Wolfe, Ph.D.?

## II. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits in August 2013, alleging she became disabled as of December 26, 2011. Dkt. 6, Administrative Record (AR) 11. Her application was denied at the initial and reconsideration levels of administrative review. *Id.* After a hearing, an administrative law judge (ALJ) issued an unfavorable decision in February 2015. *Id.* Plaintiff appealed, and this Court remanded. *See* AR 437-44.

After another hearing (held on December 7, 2018), an ALJ issued another unfavorable written decision on June 4, 2018. AR 355; AR 370-400 (hearing transcript). The ALJ performed the five-step sequential analysis. AR 355-64. He determined that there were jobs existing in significant numbers in the national economy that plaintiff could perform, and therefore that plaintiff was not disabled. AR 363-64. Plaintiff filed a complaint with this Court, seeking reversal and remand for further proceedings.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.*

"If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "'[w]here there is conflicting evidence sufficient to support either outcome,'" the Court "'must affirm the decision actually made.'" *Id.* (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

## IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. At step four of that process, the claimant's residual functional capacity (RFC) is assessed to determine whether past relevant work can be performed, and, if necessary, at step five to determine whether an adjustment to other work can be made. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). At step five, the Commissioner has the burden of proof, which can be met by showing a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e).

Plaintiff's only assignment of error is that the ALJ gave insufficient reasons to discount the opinion of state agency reviewing psychologist John Wolfe, Ph.D., and therefore made an incomplete assessment of her RFC.

A non-treating, non-examining source's opinion is generally entitled to less weight than a treating or examining source's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).To reject the uncontradicted opinion of a treating or examining physician, an ALJ must provide "clear and convincing" reasons. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). When the treating or examining physician's opinion is contradicted, the ALJ may reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* An ALJ "may

reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

Here, Dr. Wolfe opined that in a normal workday or work week plaintiff could perform simple tasks, though she would have "some difficulty" with complex tasks, and that plaintiff's psychological impairments would cause "occasional interruptions." AR 87.

In its prior remand order, this Court found the ALJ had erred because although he gave "great weight" to Dr. Wolfe's opinions, he found in the RFC that plaintiff would be off task only 10 percent of the day. AR 442-43. The Court noted that Social Security Ruling (SSR) 96-9p defines "occasional" to mean "up to one third of the time." *Id.* (citing SSR 96-9p, 1996 WL 374185, at *3). Because the ALJ had not explained this discrepancy, and this error could have affected the ALJ's nondisability finding, this Court reversed and remanded. AR 442-43.

The ALJ reconsidered Dr. Wolfe's opinion on remand. AR 362. He concluded, "[i]f Dr. Wolfe did mean that the claimant would be off task one third of the time, I reduce the weight I attribute to that portion of Dr. Wolfe's opinion to little or no weight." *Id.*

The ALJ referred to specific evidence in the medical record to partially reject Dr. Wolfe's opinion. *See Sousa*, 143 F.3d at 1244. Further, the reasons the ALJ gave for this finding were specific and legitimate and supported by substantial evidence.

The ALJ first observed that Dr. Wolfe based his opinion on a review of plaintiff's medical records and did not treat or examine her. AR 362. A medical source's lack of a treating relationship or opportunity to examine the claimant is a valid consideration, though not enough in itself to discount the source's opinion. *See* 20 C.F.R. § 416.927(c); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("The weight afforded a non-examining physician's testimony

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

depends on the degree to which he provides supporting explanations for his opinions." [internal quotation marks and brackets omitted]).

Second, the ALJ reasonably interpreted the medical record in finding Dr. Wolfe's opinion—to the extent it connotes interruptions up to 30 percent of the time—to be contrary to the record as a whole. *See* AR 362.

The ALJ cited mental-status-exam (MSE) findings, which indeed reflect intact memory and "good" attention, concentration, and insight—findings the ALJ could reasonably find inconsistent with Dr. Wolfe's opinion. AR 360-61; *see* AR 266, 281-82 (noting "mildly impaired recent recall"), 289. The ALJ also incorporated his prior discussion of the record. AR 360; *see Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (Court may affirm where "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity"). The ALJ had "found that objective findings did not support totally disabling problems with memory and concentration," as they showed "good attention, concentration, judgment, and insight," as well as "mostly intact cognitive functioning" and comprehension. AR 266, 281-82 (noting "mildly impaired recent recall"), 289, 360-61. The ALJ concluded that this showed that plaintiff "has the capacity to engage in concentration and persistence and pace to a degree consistent with unskilled, repetitive work." AR 362.

Plaintiff contends that the ALJ improperly cherry-picked MSE results from a three-month span (December 2013 to February 2014), and that plaintiff's mental-health symptoms waxed and waned at other times. Plaintiff points to an MSE from a hospitalization that occurred 18 months after the MSEs the ALJ cited, in which she displayed suicidal ideation and a depressed and anxious mood. *See* AR 695.

But this record does not demonstrate a pattern of waxing and waning symptoms that the ALJ failed to consider; nor does it render the ALJ's finding unreasonable. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ is responsible for determining credibility and resolving ambiguities and conflicts in medical evidence). Moreover, the signs that plaintiff points to do not directly relate to the disputed issue of plaintiff's ability to remain on-task. Rather, plaintiff was noted to be "cognitively intact" during that visit. AR 695. The ALJ's interpretation of this evidence was reasonable.

Plaintiff cites other MSEs that she asserts contradict the ALJ's finding that she would not be off task more than 10 percent of the day. These show (in different combinations): Agitation, illogical or tangential thought processes, and anxious, depressed, or irritable affect. AR 571, 573, 575, 579, 589, 592, 593, 597, 599, 600, 602, 603, 604. Plaintiff asserts that these MSEs demonstrate that the MSEs the ALJ cited were not representative, and that the ALJ's findings do not reflect the overall record as it relates to plaintiff's functioning.

But plaintiff again has not shown that the ALJ's findings were unreasonable. The MSEs the ALJ cited show similar findings to those that plaintiff cites -- including tearfulness, depressed, anxious, and dysphoric mood, and suicidal ideation. *See* AR 266, 280, 289. And the MSEs plaintiff cites showed plaintiff to be alert, coherent, and cognitively intact, with normal memory. AR 571, 573, 575, 579, 585, 589, 590, 592, 593, 597, 599, 600, 604. *But see* AR 602, 603 (noting plaintiff was distractible). The ALJ fulfilled his duty of "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings," and he drew reasonable conclusions. *See Reddick*, 157 F.3d at 725. Substantial evidence supports the ALJ's finding.

Because the ALJ's decision concerning Dr. Wolfe's opinion is supported by substantial evidence, it follows that plaintiff has not shown that the ALJ's RFC assessment was incomplete or that the ALJ erred in finding her not disabled.

## CONCLUSION

Based on the above analysis, the Defendant's decision to deny benefits is AFFIRMED.

Dated this 19th day of August, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 7